IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ERNEST L. PARKER,**

      Petitioner,

v.                                Case No. 3:19cv648-RV/CAS

**MARK INCH, Secretary,
Department of Corrections,**

      Respondent.
_____/

## REPORT AND RECOMMENDATION

On July 15, 2019, Petitioner Ernest L. Parker, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 6. On January 30, 2020, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 15. Petitioner has filed an "Objection to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus," ECF No. 16, considered as a reply.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition is untimely

and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Ernest L. Parker indicates he challenges his conviction entered April 4, 2014, by the First Judicial Circuit, Escambia County, Florida, following a jury trial in case number 2013-CF-4646. ECF No. 1 at 1-2; *see* Exs. C-E.[1] By amended information, the State had charged Parker with sixteen (16) counts, including multiple charges each of sexual battery of victims twelve (12) years old or older; lewd or lascivious molestation of victims twelve (12) years old or older; sexual misconduct; and contributing to the delinquency or dependency of children under the age of eighteen (18). *See* Ex. A at 96-101. The trial took place March 5 and 6, 2014. Exs. C-E. After the State rested, the prosecutor nolle prossed two of the counts. Ex. D at 321. The jury found Parker guilty of three counts of sexual misconduct (Counts 8-10), a second degree felony in violation of sections 985.701(1)(a)1.a. and (1)(a)2., Florida Statutes, and not guilty on all the remaining counts. Ex. B at 227-29; Ex. E at 453. On

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 15.

April 16, 2014, the trial court adjudicated him guilty and sentenced him to fifteen (15) years in prison on Count 8, followed by a consecutive sentence of ten (10) years of prison on Count 9, and then followed by ten (10) years of sex offender probation on Count 10.  Ex. B at 302-08, 352-55; Ex. F at 21-26.

Parker appealed his judgment and sentence to the First District Court of Appeal (First DCA), assigned case number 1D14-2032.  *See* Ex. B at 356; Exs. H (Initial Brief), I (Answer Brief), (Reply Brief).  On May 27, 2015, the First DCA per curiam affirmed the appeal without a written opinion.  Ex. K; Parker v. State, 166 So. 3d 773 (Fla. 1st DCA 2015) (table).  By order on August 12, 2015, the First DCA denied Parker's pro se motion for rehearing.  Ex. L.

On August 7, 2015, Parker filed a pro se motion for reduction or modification of his sentence, pursuant to Florida Rule of Criminal Procedure 3.800(c).  Ex. M.  By order rendered September 14, 2015, the state trial court summarily denied the motion.  Ex. N.  Parker filed a petition for certiorari in the First DCA seeking review of the order denying the Rule 3.800(c) motion. Ex. O.  On October 26, 2015, the First DCA per curiam denied the petition with a citation to Mitchell v. State, 719 So. 2d 1258 (Fla.

1st DCA 1998).  Ex. P; Parker v. State, 177 So. 3d 102 (Fla. 1st DCA 2015).  The mandate issued November 23, 2015.  Ex. P.

On November 18, 2015, Parker filed a pro se petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel for not raising a point in his direct appeal that it was error to place him on sex offender probation on Count 10.  Ex. Q.  The First DCA ordered the State to respond.  Ex. R.  In its response, the State conceded the court should grant Parker's petition and "remand to strike the sex offender probation and impose regular probation instead."  Ex. S at 6-7.  In a written opinion issued April 15, 2016, the First DCA granted the petition, vacated the order of sex offender probation in Count 10, and remanded for entry of a renewed order of probation on that count.  Ex. T; Parker v. State, 188 So. 3d 977 (Fla. 1st DCA 2016).  The mandate issued May 11, 2016.  Ex. T.

On July 5, 2016, on remand, the circuit court conducted a hearing.  Ex. V.  The judge resentenced Parker, on Count 10, to the same term – ten (10) years – but regular probation, instead of sexual offender probation, with the same special conditions previously imposed, to be served consecutive to the prison sentences imposed on Counts 8 and 9.  Id. at 4-5.  That same day, the court rendered a written order of judgment and sentence with the heading "RESENTENCE ON COUNT[] 10 ONLY."  Ex. U

at 10-11.  Parker appealed and his attorney file a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).  Ex. U at 13-14; Ex. X.  The First DCA allowed Parker time to file a pro se brief, but he did not do so.  Ex. Y.  On March 14, 2017, the First DCA per curiam affirmed the case without a written opinion.  Ex. Z; <u>Parker v. State</u>, 224 So. 3d 215 (Fla. 1st DCA 2017).  The mandate issued April 11, 2017.  Ex. Z.

In the meantime, on January 30, 2017, Parker filed a motion for postconviction relief in the state trial court, pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. AA at 15-23.  By order rendered March 23, 2017, the state court dismissed the motion without prejudice, as facially and/or legally insufficient, and allowed Parker sixty (60) days leave to file an amended motion.  *Id.* at 24-25.  On June 13, 2017, Parker filed an amended Rule 3.850 motion.  *Id.* at 29-38.  By order rendered July 12, 2017, the state court again dismissed the motion without prejudice, as facially and/or legally insufficient, and allowed Parker sixty (60) days leave to file a second amended motion.  *Id.* at 39-40.

On September 11, 2017, Parker filed a second amended Rule 3.850 motion.  *Id.* at 41-51.  By order rendered October 30, 2017, the state court summarily denied relief.  *Id.* at 52-334.  Parker appealed.  *Id.* at 335-37.  On March 27, 2018, the First DCA per curiam affirmed the case without a

written opinion.  Ex. BB; Parker v. State, 243 So. 3d 321 (Fla. 1st DCA 2018).  Parker filed a motion for rehearing, which the First DCA denied by order on May 10, 2018.  Ex. CC.  The mandate issued May 31, 2018.  Ex. BB.

As indicated above, on July 15, 2019, Parker filed this § 2254 petition.  ECF No. 1.  On January 30, 2020, Respondent filed a motion to dismiss the petition as untimely, with exhibits.  ECF No. 15.  Parker has filed a reply.  ECF No. 16.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.  *Id.* § 2244(d)(1)(A).  The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as Respondent explains, the state trial court entered Parker's original judgment of conviction and sentence on April 16, 2014. Ex. B at 302-08. The First DCA affirmed the judgment on May 27, 2015, and denied rehearing on August 12, 2015. Exs. K, L. This judgment became final ninety (90) days thereafter, on November 10, 2015, upon expiration of the time period in which to seek certiorari review in the U.S. Supreme Court. See 28 U.S.C. § 2244(d)(1)(A); see also, e.g., Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). He thus had one year thereafter, or until January 7, 2016, to file his federal habeas petition, absent tolling activity. See, e.g., Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

As indicated above, however, after Parker filed a petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of counsel for not raising a challenge to the sex offender probation imposed in Count 10, the First DCA granted his petition, "vacate[d] the order of sex offender probation in count ten of this case only, and . . . remand[ed] for the entry of a renewed order of probation on that count." Parker, 188 So. 3d at 977.

On remand, the trial court held a hearing, adjudicated Parker guilty, and sentenced him to regular probation, instead of sex offender probation, for the same term (10 years) and with the same special conditions previously imposed, consecutive to the previously imposed prison sentences for Counts 8 and 9.  Ex. V at 3-5.  Thus, Parker received a new judgment of conviction and sentence on July 5, 2016, at least as to Count 10.  *Id.*; Ex. U at 10-11.  The First DCA affirmed this judgment on March 14, 2017, Ex. Z, and it became final for federal habeas purposes on June 12, 2017, upon expiration of the of the time period in which to seek certiorari review in the U.S. Supreme Court.  *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix, 393 F.3d at 1236-37; Kaufman, 282 F.3d at 1338.  He thus had one year thereafter, or until June 12, 2018, to file his federal habeas petition, absent tolling activity.  *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

     Parker filed his Rule 3.850 motion on January 30, 2017.  Ex. AA at 15-23.  Therefore, his one-year AEDPA clock did not start until after the First DCA issued its mandate in his appeal from the denial of post-conviction relief on May 31, 2018.  Ex. BB.  The clock then ran for 365 days

until it expired on June 1, 2019, which fell on Saturday, thereby allowing Parker until Monday, June 3, 2019, to file a timely § 2254 petition. Parker did not file his § 2254 petition until July 15, 2019, however. Because the AEDPA limitations period had expired by this point, Parker's petition is untimely.

Parker does not address the timeliness issue in his petition or in his reply, and he does not specifically assert entitlement to equitable tolling. *See* ECF Nos. 6, 16. Rather, he asserts that he "did everything in his power to exhaust all state remedies" and he "submitted multiple filings that were accepted in the courts and went unanswered for anywhere from six months to fourteen months or better, so [he] was under the impression that the time had been tolled due to the length of time it took for the lower court to answer motions." ECF No. 16 at 2. Parker does not identify any such motions in particular. *See id.* He asserts that he "believes he has made a good faith showing of actual innocence due to constitutional violation." *Id.* at 3.

To the extent Parker may be arguing his incarceration constitutes a "fundamental miscarriage of justice" because he is "actually innocent," such that he should benefit from the equitable exception to the AEDPA statute of limitations set forth in McQuiggin v. Perkins, 569 U.S. 383 (2013), his

argument is conclusory and should also be rejected.  *See* <u>Rozzelle v. Sec'y, Fla. Dep't of Corr.</u>, 672 F.3d 1000, 1011 (11th Cir. 2012) (holding that, to make a credible showing of actual innocence, a petitioner must present new reliable evidence that was not presented at trial, and show it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of that new evidence).  To establish "actual innocence," Parker must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence.  *See* <u>McQuiggin</u>, 569 U.S. at 386; <u>Rozzelle</u>, 672 F.3d at 1011 (11th Cir. 2012) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324.  Likewise, in order to satisfy the "miscarriage of justice" exception, Parker must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Id.* at 327.

Case No. 3:19cv648-RV/CAS

Case 3:19-cv-00648-RV-MAF   Document 17   Filed 02/28/20   Page 11 of 13

Page 11 of 13

Parker has not satisfied either of these requirements because, among other reasons, he has not provided new evidence to suggest his innocence. *See* Rozzelle, 672 F.3d at 1011; ECF No. 15 at 17-19. He has raised four grounds in his § 2254 petitions: (1) ineffective assistance of counsel (IAC) for not objecting to the State entering into evidence Parker's statement to law enforcement; (2) the trial court erred in denying post-trial motions for judgment of acquittal where the defense argued Parker could not be convicted as to one of the victims because she was not a "juvenile" at the time of the offense; (3) IAC for not calling two exculpatory witnesses to the alleged events at the facility where Parker worked; and (4) the trial court erred in overruling the defense objection to a comment on silence during the State's closing argument. ECF No. 6 at 9-15. None of these grounds are based on newly discovered evidence and the basis for each was known to Parker before the AEDPA limitations period expired. Thus, Parker is not entitled to federal review of the grounds raised in his untimely § 2254 petition.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 15, be **GRANTED** and Petitioner's § 2254 petition, ECF No. 6, be **DISMISSED** as untimely.

## **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not

otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 15) be **GRANTED** and the § 2254 petition (ECF No. 6) be **DISMISSED as untimely**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 28, 2020.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**