**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

ERNEST L. PARKER,

    Petitioner,

v.                                  Case No. 3:19cv648-RV/CAS

MARK INCH, Secretary,
Department of Corrections,

    Respondent.
                               /

## ORDER

This matter is before the Court on the Report and Recommendation of the U.S. Magistrate Judge dated February 28, 2020 (ECF No. 17), that Respondent's motion to dismiss (ECF No. 15) be granted and the petition for writ of habeas corpus (ECF No. 6), filed pursuant to 28 U.S.C. § 2254, be dismissed as untimely. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant 28 U.S.C. § 636(b)(1). The Petitioner has filed an objection (ECF No. 18), and I have made a de novo determination of that objection. Having considered the Report and Recommendation, and the

objection thereto, I have determined the Report and Recommendation should be adopted.[1]

Accordingly, it is now **ORDERED** as follows**:**

1. The Report and Recommendation (ECF No. 17) is adopted and incorporated by reference in this order.

2. The Clerk shall enter judgment stating, "Respondent's motion to dismiss (ECF No. 15) is **GRANTED** and the petition for writ of habeas corpus (ECF No. 6) is **DISMISSED as untimely**.   Any certificate of appealability is **DENIED** and leave to appeal in forma pauperis is also **DENIED**."

3. The Clerk shall close the file.

**DONE AND ORDERED** on this 3rd day of April, 2020.

*s/ Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] In his objection, the Petitioner claims that his habeas petition was untimely (and thus he suggests that he is entitled to equitable tolling) because his facility was in "lockdown for the period in question" and he didn't have access to his legal mail and papers (doc. 18 at 2). However, the Eleventh Circuit has said: "[E]quitable tolling is an 'extraordinary remedy which is typically applied sparingly' . . . . In *Akins*, a panel of this Court held that equitable tolling was inapplicable for periods of various lockdowns or during a period in which the movant's legal papers were misplaced by the prison. . . . *Akins* [thus] suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (citing *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000)).